UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:10-cr-32-JMH-2

UNITED STATES OF AMERICA,                                            PLAINTIFF,

v.                      **MAGISTRATE JUDGE'S REPORT
                         AND RECOMMENDATION**

JAIRO RUBIO-BANNUELUS,                                               DEFENDANT.

*** *** ***

This matter is before the Court on the Defendant's Motion to Vacate under 28 U.S.C. § 2255. [R. 104]. In his motion, Defendant requests sentencing relief pursuant to the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). [Id.]. However, due to his lack of criminal history, the record plainly reflects that Defendant was never designated a "career offender" under the United States Sentencing Guidelines nor sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). [R. 100 at 7]. And because Defendant received no enhancements under the residual clauses of either the ACCA or Chapter 4 of the Sentencing Guidelines, the Johnson decision and its progeny are inapposite to his case. Therefore, after an initial review, the undersigned recommends that Defendant's motion to vacate be denied pursuant to Rules Governing Section 2255 Proceedings 4(b).

LAW & ANALYSIS

On September 15, 2010, Defendant pled guilty to one count of aiding and abetting possession with intent to distribute marijuana and one count of possessing a firearm in furtherance of drug trafficking. [R. 72]. The Court sentenced him to 120 months imprisonment followed by

1

four years of supervised release. [R. 83]. His sentence was not enhanced because his Pre-Sentence Investigation Report indicated that he had no known criminal history. [R. 100 at 7]. Despite this fact, in his motion, Defendant requests sentencing relief pursuant to Johnson. [R. 104].

In Johnson, which was issued in June 2015, the Supreme Court ruled on direct review that the "residual clause" of the Armed Career Criminal Act was void for vagueness. Johnson, 135 S. Ct. at 2551. Generally speaking, the ACCA provides a statutory basis for enhancing a defendant's sentence when the defendant is convicted of being a felon in possession of a firearm and is an "armed career criminal," i.e. he or she has committed at least three prior serious drug offenses or violent felonies. The portion of the ACCA under the Supreme Court's review defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year [. . .] that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" 18 U.S.C. § 924(e)(2)(B) (emphasis added). That last italicized portion is the "residual clause," and only that part was invalidated by the Court. Johnson, 135 S. Ct. at 2563.

A similar "career"-type sentencing enhancement, the United States Sentencing Guidelines § 4B1.1, contains a residual clause identical to the one just invalidated by the Supreme Court. The Sentencing Guidelines section at issue states that a defendant is a "career offender" if:

> (1) The defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
> (2) The instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
> (3) *The defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense*.

U.S.S.G. § 4B1.1(a) (emphasis added). For purposes of this section, the term "controlled substance

offense" means a drug offense (such as possession, distribution, or manufacture) under federal or state law that is punishable for a term exceeding one year. Id. § 4B1.2. The term "crime of violence" means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." Id. (emphasis added). Because of the groundwork laid by Johnson, this residual clause, which is identical to the residual clause of the ACCA, has been struck down by the Sixth Circuit. See United States v. Pawlak, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016). Critically, the voiding of these residual clauses may be asserted as the basis for relief on collateral review, such as in a motion to vacate under § 2255. See United States v. Welch, 136 S. Ct. 1257 (2016).

However, following these cases, defendants seeking relief on collateral review often fail to appreciate Johnson's true holding and, consequently, mistakenly believe they are entitled to some form of sentencing relief. As such, the district courts have received a number of Johnson-related filings that misunderstand the case's application to their own, rendering these motions meritless.

Here, unfortunately that is the case. Due to his lack of criminal history, [R. 100 at 7], the record plainly reflects that Defendant was never designated a "career offender" under the United States Sentencing Guidelines nor sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Because he received neither of the enhancements affected by the Johnson decision and its progeny, Defendant's motion claiming Johnson relief is wholly meritless. Therefore, the undersigned recommends that Defendant's motion to vacate be denied pursuant to Rules Governing Section 2255 Proceedings 4(b).

3

## CONCLUSION

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Vacate under § 2255, [R. 104], should be **DENIED**.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 28, 2016.

Signed By:
*Edward B. Atkins*   *EBA*
United States Magistrate Judge