UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**

UNITED STATES OF AMERICA,      )
                               )
    Plaintiff,                 )      Criminal Action No.
                               )      10-cr-32-JMH-EBA-2
v.                             )
                               )
JAIRO RUBIO-BANNUELUS,         )      **MEMORANDUM OPINION & ORDER**
                               )
    Defendant.                 )
                               )

                **    **    **    **    **

This matter is before the Court on the Report and Recommendation entered by Magistrate Judge Edward B. Atkins [DE 106]. Said action was referred to the magistrate for the purpose of reviewing the merit of Defendant's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 104]. In his Report and Recommendation, the Magistrate Judge recommends that the Court dismiss Defendant's Motion because, notwithstanding Defendant's argument that *Johnson v. United States*, 135 S.Ct. 2551 (2015), and its progeny could provide him with some sort of relief, he was never designated a "career offender" under the United States Sentencing Guidelines nor sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) such that *Johnson* or its progeny would even apply. Defendant has filed Objections [DE 107]

1

and insists that he is due relief because *Johnson* must somehow apply to provide him relief for that sentence imposed for his violation of 18 U.S.C. § 924(c)(1)(A)(1), the possession of a firearm in furtherance of a drug trafficking crime. The Court is unpersuaded, and judgment will issue by separate order.

# I.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585-86 (6th Cir. 2005)).

# II.

Defendant objects solely to the Magistrate Judge's conclusion that *Johnson* does not apply to afford him relief because he was not subject to sentencing as either a career offender under the United States Sentencing Guidelines nor was he sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). In his

2

objections, Defendant argues that *Johnson* should apply to all convictions under § 924(c), asking this Court to lump together those sentences for using or carrying a firearm during a crime of violence (the "residual clause") and those for using or carrying a firearm during a "drug trafficking crime[s]" and, effectively, urges the Court to extend *Johnson* to his situation. Defendant has cited no case law which supports this conclusion, and the Court is unpersuaded that relief is necessary. Thus, having considered the matter de novo, the Court agrees with the Magistrate Judge that Defendant's Motion should be denied pursuant to Rules Governing Section 2255 Proceedings 4(b).

### III.

Finally, the Court considers whether a certificate of appealability should issue in this matter with respect to those claims raised under 28 U.S.C. § 2255. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Having carefully considered the matter, this Court concludes that

a certificate should not issue in this matter.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [DE 106] is **ACCEPTED** and **ADOPTED** over Defendant's objections; and

(2) that Defendant's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 104] is **DENIED**.

(3) that no certificate of appealability will issue.

This is the 13th day of February, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4